Mr. Edward A. O'Connor, Jr. Executive Director Spaceport Florida Authority 150 Cocoa Isles Boulevard, Suite 401 Cocoa Beach, Florida 32931
Dear Mr. O'Connor:
You ask substantially the following questions:
1. Is the Spaceport Florida Authority a "special district" as defined in section 189.403(1), Florida Statutes?
2. If so, to which "local general-purpose governments" must the authority report as required by section 189.415, Florida Statutes?
In sum:
1. The Spaceport Florida Authority is an "independent special district" as defined in section 189.403(3), Florida Statutes.
2. Section 189.415, Florida Statutes, requires the authority as an independent special district to submit a public facilities report to the local general-purpose governments in which it is located. At this time these local general-purpose governments would include Brevard and Gulf Counties.
Question One
Section 189.402(1), Florida Statutes, states the intent of the Legislature to "provide general provisions for the definition, creation, and operation of special districts." It is the specific intent of the Legislature "that dependent special districts shall be created at the prerogative of the counties and municipalities and that independent special districts shall only be created by legislative authorization as provided herein."[1]
The term "[s]pecial district" is defined as:
a local unit of special-purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers. The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality.[2]
The Spaceport Florida Authority (SFA) was created by general law "as a public corporation, body politic, and subdivision of the state to establish facilities or complementary activities to enhance and provide commercial space-related development opportunities for business, education, and government, and . . . have all the powers, rights, privileges, and authority as provided under the law of this state."[3] Generally, the purpose of the SFA is to promote space-related economic growth in the state and to provide projects to develop and improve space commerce.[4] The SFA territory includes real property in Brevard County and in Gulf County, the boundaries of which are specifi-cally described by geographic landmarks and longitudinal and latitudinal points.[5]
The powers of the SFA include, in part: to review and make recommendations to guide and facilitate the future of spacerelated educational and commercial development; to develop a business plan addressing the expansion of Spaceport Florida locations, space launch capacity, spaceport projects, and complementary activities; to own, acquire, construct, develop, operate, and maintain launch pads and other spaceport facilities and space-related facilities; to advertise and promote spacerelated businesses; to issue revenue bonds or any other bonds authorized by law to pay for the acquisition, construction, repair, or maintenance of any project; and to exercise the power of eminent domain in spaceport territory.[6] Further, section 331.314, Florida Statutes, states that "the authority shall have exclusive power and authority to regulate spaceports in the state."
Pursuant to section 331.302(4), Florida Statutes, the SFA is not an agency of the state as that term is defined in sections 216.011
and 287.012, Florida Statutes. Further, there is nothing in the SFA's enabling legislation that makes it a part of a municipal or county government.[7] While the present SFA territory is located in two noncontiguous counties, the boundaries are limited.[8] While the authority has been given expansive powers similar to those possessed by a general-purpose governing entity, its primary purpose is to establish, provide and enhance commer-cial space-related activities and projects in this state.
In light of the special purpose for which the Spaceport Florida Authority was created by general law and the limited territorial boundaries established in its enabling legislation, it would appear to be a special district as defined in section 189.403(1), Florida Statutes.
The Legislature has provided clear definitions of both dependent and independent districts. Section 189.403(2), Florida Statutes, states:
(2) "Dependent special district" means a special district that meets at least one of the following criteria: (a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality. (b) All members of its governing body are appointed by the governing body of a single county or a single municipality. (c) During their unexpired terms, members of the special district's governing body are subject to removal by the governing body of a single county or a single municipality. (d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality.
Section 189.403(3), Florida Statutes, provides:
(3) "Independent special district" means a special district that is not a dependent special district as defined in subsection (2). A district that includes more than one county is an independent special district[.]
The SFA does not meet any of the requirements for a "dependent special district" as defined in section 189.403(2), Florida Statutes. As a special district that is not a "dependent special district," the SFA would be classified as an "independent special district" under the definition in section 189.403(3), Florida Statutes.[9] I would note that the Florida Department of Community Affairs, under its obligation to compile an official list of special districts[10] indicating their status as dependent or independent, has determined the SFA to be an independent special district.[11]
Question Two
Section 189.415(2), Florida Statutes, states:
(2) Beginning March 1, 1991, each independent special district shall submit annually to each local generalpurpose government in which it is located a public facilities report.[12]
Further, s. 189.418(3), Florida Statutes, requires independent special districts each year to file with the local generalpurpose governing authority or authorities in the jurisdiction of which a district is located a copy of the following:
(a) The local government financial reports required by ss. 218.32
and 218.34; (b) A complete description of all outstanding bonds as provided in s. 218.38(1); and (c) A map of the district.
The statute provides that all reports or information required to be filed under this section are: to be filed with the clerk of the board of county commissioners, when the local governing authority is a county; to be filed with the clerk of the county commission in each county, when the district is a multicounty district; and at the place designated by the municipal governing body, when the local governing authority is a municipality.[13]
The plain language of the statute requires the SFA to submit reports and information to the local general-purpose governing authority or authorities in which it is located. At this time, the SFA territory is located in Brevard County and Gulf County.
It would appear, therefore, that in light of the language of the statute requiring the filing of reports with the clerk of the county commission in each county when an independent special district is a multicounty district, the SFA must file its annual reports and information with the clerks of the county commissions for Brevard County and Gulf County.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 189.402(1), Fla. Stat. (1993).
[2] Section 189.403(1), Fla. Stat. (1993).
[3] Section 331.302(2), Fla. Stat. (1993).
[4] Section 331.302(3), Fla. Stat. (1993).
[5] Section 331.304, Fla. Stat. (1993).
[6] See, ss. 331.305(1)-(24), Fla. Stat. (1993).
[7] Cf., Op. Att'y Gen. Fla. 82-78 (1982) (law libraries created by special acts were not special districts, but rather instru-mentalities or agencies of the county governments for the purpose of carrying out a countywide function and purpose).
[8] See, s. 331.329, Fla. Stat. (1993), allowing the enlargement or contraction of the spaceport's geographical limits upon the written consent of the owners of all land to be included or excluded from the spaceport territory and of the owners of not less than a majority in acreage of all the land then within any spaceport territory.
[9] Cf., Forsythe v. Longboat Key Beach Erosion Control District,604 So.2d 452 (Fla. 1992) (beach erosion control district contained within a single municipality, but which crossed county lines, was independent special district that could only be created by legislative authorization and not by municipal ordinance).
[10] Section 189.4035(1), Fla. Stat. (1993).
[11] 1993 Official List of Special Districts, Florida Department of Community Affairs.
[12] Section 189.415(2), Fla. Stat. (1993), enumerates the information that the public facility report must specify.
[13] See, s. 189.418(5)(a)-(c), Fla. Stat. (1993).